UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNE L. WRIGHT,<br><br>          Plaintiff,<br><br>     v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>          Defendant. | Case No.: 1:14-cv-01587 - ---  - JLT<br><br>ORDER DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT OR NOTIFY THE COURT OF HER WILLINGNESS TO PROCEED ONLY ON CLAIM FOUND TO BE COGNIZABLE |

Plaintiff Lynne Wright initiated this action against Defendant Specialized Loan Servicing, LLC by filing a complaint on October 9, 2014. (Doc. 1.) Plaintiff asserts that Defendant has made false reports regarding a debt to three credit reporting agencies and has used unlawful methods to attempt to collect this debt.

Because Plaintiff has not alleged facts sufficient to support her claims for invasion of privacy, negligence, or a violation of the Fair Credit Reporting Act, the Court orders Plaintiff to either file a First Amended Complaint or notify the Court of her willingness to proceed only on her claim for a violation of the Fair Debt Collection Practices Act.

**I.     Pleading Requirements**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may

1

include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, the Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## II.     Plaintiff's Allegations

Plaintiff alleges Defendant is attempting to collect an alleged debt, of which Plaintiff lacks knowledge. (Doc. 1.) Plaintiff reports that she was on the website of Ticor Title, on March 15, 2014, when she found Defendant "had filed a notice of default." (*Id.* at 2.) According to Plaintiff, she served a "Notice of Validation of Debt pursuant to 15 USC §1692" on July 24, 2014, to require Defendant "to validate/verify their alleged debt." (*Id.*) Plaintiff reports that Defendant is "a stranger to the Plaintiff," because she had no contractual relationship with Defendant and she "never applied for credit or services with the defendant." (*Id.* at 8.)[1]

In addition, Plaintiff obtained her consumer credit reports from Equifax, Experian, and Transunion on July 28, 2104, which all indicated that Defendant had reported the debt to the credit reporting agencies. (Doc. 1 at 3.) Plaintiff asserts she "immediately filed disputes with the three credit reporting agencies pursuant to 15 U.S.C. § 1681." (*Id.*) Plaintiff asserts Defendant "failed to maintain, and failed to follow, reasonable procedures to assure [the] maximum possible accuracy of Plaintiff's credit report." (*Id.* at 5.) Accordingly, Plaintiff alleges Defendant is liable for violations of the Fair Credit Reporting Act and the Fair Debt Collections Practices Act. In addition, Plaintiff alleges Defendant is liable for an invasion of privacy and negligence. (*See id.* at 4-12.)

## III.    Discussion and Analysis

### A.     First Cause of Action: Violation of the Fair Credit Reporting Act ("FCRA")

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Ant. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA sought to make "'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers'

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The Court's docket is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980). Therefore, judicial notice is taken of the complaint filed by Plaintiff in Case No. 1:13-cv-0899-LJO-JLT.

Previously, Plaintiff alleged Defendant Specialized Loan Servicing, LLC was the trustee that initiated a nonjudicial foreclosure of her home in Case No. 1:13-cv-0899-LJO-JLT, and as such Defendant is not a "stranger" to Plaintiff. **Plaintiff is reminded of her obligation of complete honest with the Court**.

credit] with fairness, impartiality, and a respect for the consumer's right to privacy.'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting 15 U.S.C. § 1681(a)(4), modifications in the original). Accordingly, the FCRA imposes duties on the credit furnishers, which are the sources that provide information to credit reporting agencies, to ensure accurate credit reporting. *See id.*

Two categories of responsibilities are placed upon credit furnishers in the FCRA, as set forth in 15 U.S.C. §1681s-2. Subsection (a) outlines a furnisher's duty to provide accurate information to credit reporting agencies. *See* 15 U.S.C. § 1681s-2(a). Subsection (b) outlines a furnisher's duty to investigate after receiving notice of a dispute regarding credit-related information from a credit reporting agency. *See* 15 U.S.C. § 1681s-2(b). "The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements." *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. § 1681(n)-(o); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002)). However, the FCRA "limits this private right of action to claims arising under subsection (b)." *Id.* (citing 15 U.S.C. § 1681s-2(c)).

Here, Plaintiff alleges that Defendant is a furnisher under the FCRA, and that Defendant "failed to conduct a proper and lawful investigation" related to her credit. (Doc. 1 at 5.) However, Plaintiff fails to allege that any credit reporting agency notified Defendant of the disputed credit. Without such notice from a credit reporting agency—not Plaintiff—no duty to investigate was triggered under the FRCA. *See* 15 U.S.C. § 1681s2(b); *Ewing v. Wells Fargo Bank*, 2012 WL 4514055 at *4 (D. Ariz. Oct. 2, 2012) (dismissing a plaintiff's FCRA claim for failure to allege that the reporting agency sent notice of the plaintiff's consumer dispute to the defendant). As a result, Plaintiff fails to state a cognizable claim for a violation of the FCRA, and her claim is **DISMISSED** with leave to amend.

### B. Second Cause of Action: Invasion of Privacy

As an initial matter, it is not clear whether Plaintiff intends to state a claim for a violation of her privacy rights under California law, or under the Constitution of the United States. *See Ignat v. Yum! Brands, Inc.,* 214 Cal. App. 4th 808, 820 (2013) ("alleging a violation of a person's common-law right to privacy is not the equivalent of alleging a violation of the constitutional right to privacy"). Because Plaintiff has not alleged a constitutional violation, the Court will treat her claims as arising

under common law. *See id* (where the plaintiff did not specifically allege a constitutional violation, the court evaluated her claim as arising under common law).

To state a cognizable claim for the invasion of privacy, Plaintiff must allege "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Shulman v. Group W Productions, Inc.*, 18 Cal. 4th 200, 215 (1998). "The right to privacy is violated only by public disclosure to the public in general, or to a large number of persons, as distinguished from an individual or a few persons." *Friddle v. Epstein*, 16 Cal. App. 4th 1649, 1659 (1993). Here, Plaintiff does not specifically allege Defendant publically disclosed any private information. Rather, Plaintiff asserts she "has a right to discovery, to determine where Defendant obtained her personal, private information," including her social security number, "and how that information is being used." (Doc. 1 at 8.) Because the Court is unable to infer that Defendant, in fact, used any private information or disclosed it to a third party, this is insufficient to state a claim for an invasion of privacy. Therefore, Plaintiff's second cause of action is **DISMISSED** with leave to amend.

### C.     Third Cause of Action:  Negligence

In general, to state a cognizable claim for negligence, Plaintiff "must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). The plaintiff must allege facts that give rise to a claim "the defendant owed a duty *to the plaintiff*." *See John B. v. Superior Court*, 38 Cal. 4th 1177, 1188 (2006) (emphasis added). Here, Plaintiff asserts Defendant negligently "trained, retained, or supervised incompetent debt collectors." (Doc. 1 at 9.) However, Plaintiff does not identify specific any duty, statutory or otherwise, facts to support a duty, if one was owed, was breached or facts to demonstrate any breach of Defendant's training obligations caused her harm. Consequently, she fails to state a cognizable claim for negligence, and this claim is **DISMISSED** with leave to amend.

### D.     Fourth Cause of Action: Violations of the Fair Debt Collection Practices Act ("FDCPA")

Under the provisions of the FDCPA, debt collectors are prohibited "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v.*

5

*Jenkins*, 514 U.S. 291, 292 (1995); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). To state a cognizable claim for a violation of the FDCPA, Plaintiff must allege: (1) she was a consumer (2) who was the object of a collection activity arising from a consumer debt, and (3) the defendant is a "debt collector" as defined by the FDCPA, (4) who engaged in an act or omission prohibited by the FDCPA. *Miranda v. Law Office of D. Scott Carruthers,* 2011 WL 2037556, at *4 (E.D. Cal. May 23, 2011), citing *Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004). Plaintiff alleges she is a consumer within the meaning of FDCPA, and Defendant is a debt collector within the meaning of FDCPA. (Doc. 1 at 2-3). Plaintiff asserts Defendant violated several sections of the FDCPA, including § 1692d for harassing, oppressing, or abusive actions; §§ 1692e(8) and 1692g(b) by failing to verify or validate the disputed debt; and § 1692f by using unfair and unconscionable means to collect a debt. (*Id.* at 9-11.)

### 1. Section 1692d

Section 1692d forbids debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. For example, "[c]ausing a telephone to ring . . . with intent to annoy, abuse, or harass" is a violation of the FDCPA. *Id*. Here, Plaintiff merely quotes the provisions of 15 U.S.C. § 1692d, without identifying any specific actions taken by Defendant. (*See generally* Doc. 1 at 10.) Because there are no facts to support the conclusion that Defendant engaged in conduct "to harass, oppress, or abuse" Plaintiff, she fails to state a cognizable claim for a violation of Section 1692d. *See Iqbal*, 556 U.S. at 678 (neither a conclusion nor "a formulaic recitation of the elements of a cause of action" are sufficient to support a cause of action). Consequently, this claim is **DISMISSED** with leave to amend.

### 2. Section 1692e(8)

Debt collectors are prohibited from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). This section requires the plaintiff to show the defendant knew or should have known that the information was false. *Id.*; *see*

*also Clark*, 460 F.3d at 1176 n.11 (noting though the FDCPA is generally a strict liability statute, Congress expressly required elements of knowledge and intent where it deemed them necessary).

Plaintiff seems to allege Defendant violated § 1692e(8) through communicating false information, but fails to provide factual allegations to support this assertion.  Notably, because Plaintiff asserts Defendant made particular false representations regarding the debt, the heightened pleading standard of Fed. R. Civ. P. 9(b) is applicable to the claim because it sounds in fraud.  *Compare Bledea v. Indymac Fed. Bank*, 2010 WL 715255, at *7 (E.D. Cal. Feb. 25, 2010) (when the plaintiff alleged the defendant falsely stated the debt, the allegation violation of §1692e(8) was subject pleading standard of Rule 9(b), and required the plaintiff to allege "the time, place or manner of the misrepresentation with sufficient particularity") *with Champlaie v. BAC Home Loans Servicing*, 706 F.Supp.2d 1029, 1055 (E.D. Cal. 2009) (finding Rule 9(b) inapplicable where the plaintiff alleged the defendant *threatened* to make false reports as a violation of § 1692e(8), because fraud was not the basis of the claim).  Thus, Plaintiff is required to state "the who, what, when, where and how" of the false representations. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1120 (9th Cir. 2003); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2004) (allegations must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations) (internal quotation marks and citation omitted).  Because Plaintiff fails to allege facts including when, or by what means, Defendant made the allegedly false representations, her claim for a violation of § 1692e(8) is **DISMISSED** with leave to amend.

### 3. Section 1692g(b)

When "a consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed… the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment…" 15 U.S.C. § 1692g(b).  In essence, § 1692g(b) gives a debt collector "a choice: it either may choose not to verify the debt and abandon its collection efforts, or it may decide to verify the debt and resume the collection activities once the requested validation has been provided." *Golliday v. Chase Home Finance, LLC*, 671 F.Supp. 629, 637 (W.D. Mich. 2011), citing *Purnell v. Arrow Fin. Servs., LLC,* 303 Fed. App'x. 297, 304 (6th Cir. 2008).

Here, Plaintiff alleges that she "served defendant with a Notice of Dispute." (Doc. 1 at 9.) She reports that Defendant "continues to make attempts at collection of the alleged debt," despite the fact that it has not "provide[d] one scintilla of proof of their alleged debt." (*Id.*) Because Plaintiff alleges Defendant continues to attempt to collect the debt without providing validation, Plaintiff has stated a cognizable claim for a violation of § 1692g(b).

####    4.    Section 1692f

The FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA does not define "unfair" or "unconscionable," but Section 1692f provides eight examples of improper conduct "without limiting the general application" of the statute. *See id.* Plaintiff asserts Defendant's violated Section 1692f(6) because they have "[t]aken or threated to take property." (Doc. 1 at 10.) Specifically, Section 1692f(6) provides that "[t]aking or threatening to take any nonjudicial action to effect disposition or disablement of property" is unfair or unconscionable if:

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6). Here, Plaintiff does not allege what property was taken, or what Defendant threatened to take. Further, there is no information regarding whether Defendant had a right of possession to the property, or whether the property was exempt by law from possession. As a result, the facts alleged are insufficient for the Court to determine whether the actions taken by Defendant were unfair or unconscionable within the meaning of the FDCPA, and Plaintiff's claim is **DISMISSED** with leave to amend.

### IV.    Conclusion and Order

Plaintiff fails to state a cognizable claim for a violation of the Fair Credit Reporting Act, negligence, and invasion of privacy. However, she has stated a cognizable claim for a violation of Section 1692g(b) of the Fair Debt Collection Practices Act.

Plaintiff will be given **one** opportunity to file an amended complaint curing the deficiencies

identified in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, Plaintiff may notify the Court in writing that she does not wish to file an amended complaint and is willing to proceed only on her cognizable claim under the Fair Debt Collection Practices Act. At that time, the Court will dismiss the other claims and issue summons.

If Plaintiff chooses to amend her complaint, the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff is advised that the Court cannot refer to a prior pleading in order to make Plaintiff the First Amended Complaint complete, and that after an amended complaint is filed, the other pleadings no longer serves any function in the case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (explaining that as a general rule, an amended complaint supersedes the original complaint). Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citation omitted).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Within 21 days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, **or**
   b. Notify the Court in writing of her willingness to proceed only on the claims for a violation of Section 1692g(b) of the Fair Debt Collection Practices Act; and
2. If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **October 16, 2014**                    **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE

9